| | |
|---|---|
| PAUL J. ANDRE (State Bar No. 196585)<br>pandre@kramerlevin.com<br>LISA KOBIALKA (State Bar No. 191404)<br>lkobialka@kramerlevin.com<br>JAMES HANNAH (State Bar No. 237978)<br>jhannah@kramerlevin.com<br>KRAMER LEVIN NAFTALIS<br>  & FRANKEL LLP<br>990 Marsh Road<br>Menlo Park, CA 94025<br>Telephone: (650) 752-1700<br>Facsimile: (650) 752-1800<br><br>AARON FRANKEL (*pro hac vice* pending)<br>afrankel@kramerlevin.com<br>KRAMER LEVIN NAFTALIS<br>  & FRANKEL LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Telephone: (212) 715-7793<br><br>Attorneys for Plaintiff<br>BOT M8 LLC | Brandon Brown (SBN 266347)<br>brandon.brown@kirkland.com<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, California 94104<br>Telephone: (415) 439-1400<br>Facsimile: (415) 439-1500<br><br>Gregory S. Arovas (*pro hac vice* pending)<br>greg.arovas@kirkland.com<br>KIRKLAND & ELLIS<br>601 Lexington Avenue<br>New York, NY 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br><br>David Rokach (*pro hac vice* pending)<br>david.rokach@kirkland.com<br>KIRKLAND & ELLIS<br>300 N. LaSalle<br>Chicago, IL 60654<br>Telephone: (312) 862-2000<br>Facsimile: (312) 862-2200<br><br>Attorneys for Defendants<br>Sony Corporation of America, Sony<br>Corporation and Sony Interactive<br>Entertainment LLC |

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BOT M8 LLC, a Delaware Limited Liability Company,<br><br>    Plaintiff,<br><br>    v.<br><br>SONY CORPORATION OF AMERICA, a New York Corporation, SONY CORPORATION, a Japanese Corporation; and SONY INTERACTIVE ENTERTAINMENT, LLC, a California Limited Liability Company,<br><br>    Defendants. | Case No. 3:19-cv-07027-WHA<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date:   November 21, 2019<br>Time:   11:00 AM<br>Location: Courtroom 12, 19th Floor<br><br>Date Filed:   November 14, 2019<br>Trial Date:   Not Set |

The parties to the above-entitled action jointly submit this initial case management statement pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**1.     JURISDICTION & SERVICE**

This is an action for patent infringement arising under 35 U.S.C. § 101 *et seq.* Bot M8 contends that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b). Bot M8 contends that no issues exist regarding personal jurisdiction or venue.

**2.     FACTS**

**Plaintiff's Statement:** Bot M8 filed its Complaint in this action on August 12, 2019, alleging that Defendants directly and indirectly infringe U.S. Patent Nos. 7,338,363, 7,497,777, 7,664,988, 8,078,540, 8,095,990, and 8,112,670 (collectively "the Patents-In-Suit"). Specifically, Bot M8 alleges that Defendants directly infringe the Patents-in-Suit by making, using, advertising, importing, selling, and offering for sale of the Defendant's PlayStation 4 consoles, PlayStation Network servers and multiplayer games developed by Sony or its subsidiaries. Bot M8 further alleges that Defendants indirectly infringe the Patents-in-Suit.

**Defendants' Statement:** This case began on August 12, 2019, when Bot M8 filed its Complaint in the Southern District of New York, without previously contacting Defendants or providing notice of the Patents-in-Suit. On October 3, 2019, Defendants filed a Rule 12(b)(3) motion based upon improper venue. On October 18, 2019, Judge Cote determined that venue was improper and transferred the case to this Court.

Defendants filed their Answer on October 3, 2019 and have denied Bot M8's allegations relating to infringement, which fail to satisfy the claims of the Patents-in-Suit. Defendants have also denied Bot's allegations relating to indirect infringement, in view of lack of pre-suit knowledge of the Patents-in-Suit and absence of allegations supporting the elements of indirect infringement. Defendants have also raised other defenses, including invalidity and lack of standing.

3. **LEGAL ISSUES**

The principal disputed legal issues are:

- The proper construction of any disputed claim terms;

- Whether Defendants infringe the Patents-in-Suit (35 U.S.C. § 271(a));

- Whether the claims of the Patents-in-Suit are invalid (35 U.S.C. §§ 101, 112, 102, 103);

- Whether Bot M8 is entitled to damages as a result of the alleged infringement of the Patents-in-Suit, and if so, the amount (35 U.S.C. § 284);

- Whether Bot M8 is entitled to injunctive relief to prevent alleged irreparable harm as a result of the alleged continuing infringement of the Patents-in-Suit (35 U.S.C. § 283); and

- Whether Bot M8 has standing to assert the Patents-in-Suit.

4. **MOTIONS**

   a. **Pending Motions**

   Currently, there are no pending motions.

   b. **Anticipated Motions**

   Bot M8 and Defendants anticipate moving for summary judgment and may file other dispositive and non-dispositive motions as appropriate as the case progresses.

5. **AMENDMENT OF PLEADINGS**

   The parties agree that amendment of pleadings should be subject to Rule 15 of the Federal Rules of Civil Procedure.

6. **EVIDENCE PRESERVATION**

   The parties have reviewed the Northern District of California's Guidelines for the Discovery of Electronically Stored Information ("ESI"), Model ESI Orders, and Checklist for Rule 26(f) Meet and Confer Regarding ESI, including those portions related to evidence preservation. Additionally, the parties have met and conferred at their Rule 26(f) conference regarding evidence preservation. Each party has implemented a litigation hold with respect to all ESI and hardcopy documents and media identified as relevant to this action.

**7.     INITIAL DISCLOSURES**

The parties agree to exchange initial disclosures pursuant to Rule 26(a) on the date set forth in the proposed schedule in Appendix A.

**8.     DISCOVERY**

No discovery has been taken to date, except that Defendants have served an initial round of written discovery requests.

The parties met and conferred pursuant to Rule 26(f) on November 11, 2019. Pursuant to Rule 26(f) and paragraph 8 of the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, the parties propose the following discovery plan:

a. **Changes to the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The parties' respective proposals regarding the timing for initial and expert disclosures under Rule 26(a)(2) and pretrial disclosures under Rule 26(a)(3) are set forth in the proposed schedule in Appendix A.

b. **Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The parties anticipate that the scope of discovery will encompass the factual and legal issues identified in Sections 2 and 3 above and in the parties' pleadings, and the requested relief discussed in Section 11 below. The parties' respective proposals regarding when discovery should be completed are set forth in the proposed schedules in Appendix A.

c. **Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

The parties discussed discovery of ESI during their Rule 26(f) conference. The parties intend to further meet and confer regarding a stipulated ESI order in view of the Northern District of California's Guidelines for the Discovery of ESI, Model ESI Orders, and Checklist for Rule 26(f) Meet and Confer Regarding ESI, and to file the stipulated ESI order (with

competing provisions if necessary) by 12/5/2019.

    d. **Any issues about claims of privilege or of protection as trial-preparation materials, including — if the parties agree on a procedure to assert these claims after production — whether to ask the court to include their agreement in an order.**

[**Plaintiff's Position:** Neither party will list on any privilege log any item protected by attorney client privilege or work product that occurred or was/is created on or after August 12, 2019, this includes items involving third parties who are not corporate affiliates and retained experts] [**Defendants' Position:** Neither party will list on any privilege log any item protected by attorney client privilege or work product that occurred or was/is created on or after August 12, 2019, except to the extent such items involve third parties (who are not either corporate affiliates or retained experts)].

Privileged communications of a party to this litigation with outside counsel of record in this litigation, generated after retention of counsel for this litigation, need not be listed on a privilege log.

Subject to the foregoing, the parties agree that issues of privilege or work product shall be addressed as provided in the Federal Rules of Civil Procedure, Federal Rule of Evidence 502 and the protective order and/or ESI order entered in this action.

    e. **Changes that should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

To the extent not limited below, and unless otherwise agreed to by the parties, the parties agree that discovery is subject to the limitations set forth in the Federal Rules of Civil Procedure, Local Rules of this Court and the ESI order and protective order to be entered in this case.

    i. **Requests for Production of Documents and Things**

The parties agree that there shall be no limit on the number of requests for production of documents and things that each side may serve. Defendants will produce English-language versions or translations of foreign-language documents produced in this action, to the extent

such documents were created in the ordinary course of business and are within Defendants' custody or control.

### ii. Interrogatories

The parties agree that each side may serve up to 25 interrogatories on the other side.

### iii. Request for Admissions

Each side may serve up to 50 requests for admission on the other side.

The parties will meet and confer 45 days before the close of fact discovery to work in good faith to resolve any disagreement whether documents are authentic and business records and to avoid unnecessary objections on such issues.

### iv. Depositions

*Fact Depositions:*

The parties agree that each side is limited to 10 fact depositions, including individual and Rule 30(b)(6) depositions of the other party as well as third party depositions, subject to the provisions of Section 32 (a-b) of the Court's Supplemental Order. Expert depositions will not count towards these limits. Defendants agree to reasonably consider, subject to their ability to do so, any request to accept service of subpoenas for employees of any entities related to Sony that are not parties to this action and any request to help facilitate making those witnesses available for deposition at times and places convenient for the witnesses without resort to service of process under the Hague Convention.

The parties agree that depositions are limited to 7 hours of deposition time on the record. For depositions requiring an interpreter, the parties will discuss in good faith whether additional time is needed, up to a limit of 14 hours to be conducted on two consecutive days.

*Expert Depositions:*

The parties agree that an expert witness may be deposed for the larger of: up to 7 hours or up to 7 hours for each primary issue (e.g., infringement, validity) on which that expert has provided an opinion. Thus, if an expert provides an opinion regarding infringement as well as an opinion regarding invalidity, then that expert may be deposed for up to 7 hours regarding

infringement and for up to 7 hours regarding invalidity.  Notwithstanding the foregoing, the parties shall negotiate in good faith regarding additional deposition time for voluminous expert reports.

### v.     Protective Order

The parties will be producing confidential information requiring entry of a protective order in this action.  Any confidential information produced prior to entry of a protective order is subject to the Northern District of California model protective order for litigation involving patents (pursuant to Patent Local Rule 2-2).   The parties intend to meet and confer regarding a stipulated protective order in view of the Northern District of California model protective order for litigation involving patents and to file the stipulated protective order (with competing provisions if necessary) by 12/5/19.

### vi.     Discovery from Experts

The parties agree that the Federal Rules of Civil Procedure (e.g., Rule 26(b)(4)) and the Local Rules of this Court govern discovery from experts in this case.

### vii.     Service

Pursuant to Rule 5(b)(2)(E), the parties consent to service via email to all attorneys of record for the party.

**9.     CLASS ACTIONS**

Not applicable.

**10.     RELATED CASES**

Not applicable.

**11.     RELIEF**

Bot M8 seeks entry of judgment finding that Defendants have infringed and are infringing the Patents-in-Suit.[1]  Bot M8 also seeks injunctive relief, including an injunction against Defendants from infringing the Patents-in-Suit.  Bot M8 also seeks monetary damages, including damages in an amount of no less than a reasonable royalty.  Bot M8 also seeks an

---

[1] Bot M8 has withdrawn without prejudice any assertions regarding willful infringement.

accounting of all sales and revenues, together with pre-judgment and post-judgment interest. Bot M8 seeks any other relief available under applicable law.

Defendants seek entry of judgment rejecting each of Bot M8's claims. Defendants further seek recovery of fees and expenses under Section 285.

### 12. SETTLEMENT AND ADR

Pursuant to ADR L.R. 3-5, the parties have reviewed the Court's ADR handbook, discussed the available ADR procedures and considered whether this case would benefit from an ADR procedure. The parties proposed private mediation pursuant to ADR L.R. 6.

### 13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

### 14. OTHER REFERENCES

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. NARROWING OF ISSUES

Discovery has just begun, but subject to the progression of discovery, the parties may be able to narrow certain issues via stipulated facts.

### 16. EXPEDITED TRIAL PROCEDURE

The parties do not propose that this case proceed under the Expedited Trial Procedure of General Order No. 64 Attachment A.

### 17. SCHEDULING

The parties' respective scheduling proposals are set forth in the chart attached hereto as Appendix A. The parties provide the following statements regarding their respective positions.

**Plaintiff's Statement.**

The parties are in agreement on the case schedule, other than the trial date and close of fact discovery. Once the Court sets the trial date, Plaintiff anticipates that it will be able to negotiate the close of fact discovery and any other scheduling issues with Defendants (as the

parties did for the previous case schedule before the case was transferred to this District).

Plaintiff filed this action on August 12, 2019 and, consistent with this Court's practices, seeks a trial 15-18 months after filing, which is ample time to complete discovery. Plaintiff proposed November 2, 2020 as a trial date, but is open to other dates in the 15-18 month time range on which it does not already have a trial (Plaintiff provided its list of trial dates to Defendants). Defendants have claimed to be unavailable until June or July 2021, 22 or 23 months after the filing of the suit, which would unnecessarily delay the resolution of this dispute.

**Defendants' Statement**.

The primary dispute regarding scheduling relates to the proposed trial date. Plaintiff's proposed date of November 2, 2020 leads to an unnecessarily compressed schedule for case events, depositions while engineers are completing an upcoming product release, and a conflict with another trial for Defendants' counsel that is already scheduled to begin on November 2, 2020. Defendants respectfully propose that trial should be scheduled for a date that presents no trial conflict for either side, subject to the Court's calendar.

To reach its proposed trial date, Plaintiff's proposal requires the parties to complete fact discovery while working on contentions and claim construction—with close of fact discovery proposed for the same date as the conclusion of claim construction briefing. Compressing the time available for Defendants to conduct these multiple tasks needed to prepare their case is particularly problematic given that Defendants received no contact from Plaintiff and no notice of the six Patents-in-Suit before this suit was filed—and thus had no previous opportunity to begin preparing responses to Plaintiff's accusations. Plaintiff's proposal also requires fact depositions to be conducted while Defendants' engineers are working to complete preparations for launch of the PlayStation 5 console (the next generation console following release of the accused PlayStation 4 console in 2013). Plaintiff's proposal also compresses the time for addressing case dispositive motions and *Daubert* motions, with briefing concluding only 18 days before Plaintiff's proposed trial date.

Further, Plaintiff's proposed trial date conflicts with another trial for Defendants' counsel in *Greenthread, LLC v. Samsung Electronics Co., Ltd.. et al*, No. 2-19-cv-00147 (E.D. Tex.), which has already been set to begin on November 2, 2020—as Defendants explained during the parties' discussions. Plaintiff has stated above that it is open to trial at later times within 18 months after filing that do not conflict with trials for its counsel,[2] but has also indicated that its counsel has trials scheduled in every month in that period (and Defendants' counsel has several other trials during that period as well). On the other hand, both parties will have completed their other trials by June and July of 2021. Defendants therefore respectfully propose that trial be set in those months, subject to the Court's calendar.

### 18.   TRIAL

The parties have requested trial by jury.

Plaintiff anticipates that a jury trial will take sufficient court days such that each side limited to 18 hours of trial time, which would not include time spent on jury selection, voir dire, jury instructions, and opening and closing statements.

Defendants believe the time needed for trial will depend upon the scope of asserted claims and accused products that remain at issue for trial. Defendants therefore propose that time for trial be addressed at the pre-trial conference.

### 19.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Bot M8 certifies that it is owned by Forward People LLC. No other Party has a financial or non-financial interest in the subject matter in controversy or in Bot M8 LLC.

Defendants incorporate their submissions under Federal Rule 7.1 and Civil L.R. 3-15.

### 20.   PROFESSIONAL CONDUCT

The attorneys of record confirm that they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

---

[2] While this case was pending in the Southern District of New York, the parties jointly proposed a schedule leading to trial in late 2021 or early 2022.

**21.    OTHER**

The parties do not have any other issues to present to the Court.

**22.    SPECIFIC PLAN FOR PROVIDING OPPORTUNITIES FOR TO JUNIOR LAWYERS**

Plaintiff Bot M8 intends to have junior associates Xue Li (admission pending) and Jeff Eng second chair depositions of fact and expert witnesses.

Defendants intend to have junior associate Jake Rambeau take fact depositions of a portion of the named inventors of the Patents-in-Suit.

Respectfully submitted,

Dated: November 14, 2019        By: */s/ Paul J. Andre*
　　　　　　　　　　　　　　　　　　　Paul J. Andre (SBN 196585)
　　　　　　　　　　　　　　　　　　　Lisa Kobialka (SBN 191404)
　　　　　　　　　　　　　　　　　　　James Hannah (SBN 237978)
　　　　　　　　　　　　　　　　　　　KRAMER LEVIN NAFTALIS
　　　　　　　　　　　　　　　　　　　　 & FRANKEL LLP
　　　　　　　　　　　　　　　　　　　990 Marsh Road
　　　　　　　　　　　　　　　　　　　Menlo Park, CA 94025
　　　　　　　　　　　　　　　　　　　Telephone: (650) 752-1700
　　　　　　　　　　　　　　　　　　　Facsimile: (650) 752-1800
　　　　　　　　　　　　　　　　　　　pandre@kramerlevin.com
　　　　　　　　　　　　　　　　　　　lkobialka@kramerlevin.com
　　　　　　　　　　　　　　　　　　　jhannah@kramerlevin.com

　　　　　　　　　　　　　　　　　　　Aaron Frankel (*pro hac vice* pending)
　　　　　　　　　　　　　　　　　　　KRAMER LEVIN NAFTALIS
　　　　　　　　　　　　　　　　　　　　 & FRANKEL LLP
　　　　　　　　　　　　　　　　　　　1177 Avenue of the Americas
　　　　　　　　　　　　　　　　　　　New York, NY 10036
　　　　　　　　　　　　　　　　　　　Telephone: (212) 715-7793
　　　　　　　　　　　　　　　　　　　afrankel@kramerlevin.com

　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*
　　　　　　　　　　　　　　　　　　　BOT M8

Respectfully submitted,

Dated: November 14, 2019        By: */s/ Brandon Brown*
　　　　　　　　　　　　　　　　　　　Brandon Brown (SBN 266347)
　　　　　　　　　　　　　　　　　　　brandon.brown@kirkland.com
　　　　　　　　　　　　　　　　　　　KIRKLAND & ELLIS LLP
　　　　　　　　　　　　　　　　　　　555 California Street
　　　　　　　　　　　　　　　　　　　San Francisco, California 94104
　　　　　　　　　　　　　　　　　　　Telephone: (415) 439-1400

| | |
|---|---|
| 1 | Facsimile: (415) 439-1500 |
| 2 | Gregory S. Arovas (*pro hac vice* pending) |
| 3 | KIRKLAND & ELLIS<br>601 Lexington Avenue |
| 4 | New York, NY  10022<br>Telephone:  (212) 446-4800 |
| 5 | Facsimile:  (212) 446-4900<br>greg.arovas@kirkland.com |
| 6 | |
| 7 | David Rokach (*pro hac vice* pending)<br>KIRKLAND & ELLIS |
| 8 | 300 N. LaSalle<br>Chicago, IL  60654 |
| 9 | Telephone: (312) 862-2000<br>Facsimile:  (312) 862-2200<br>david.rokach@kirkland.com |
| 10 | |
| 11 | *Attorneys for Defendants*<br>Sony Corporation of America, Sony<br>Corporation and Sony Interactive |
| 12 | Entertainment LLC |

11

JOINT CASE MANAGEMENT STATEMENT                              CASE NO.: 3:19-cv-07027-WHA

**ATTESTATION**

I, Paul J. Andre, am the ECF user whose identification and password are being used in this filing. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all other signatories to this document have concurred in the filing of this document.

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Paul J. Andre*
　　　　　　　　　　　　　　　　　　　　　　　Paul J. Andre

**Appendix A: Proposed Schedule**

| EVENT | Plaintiff's Proposal | Defendants' Proposal |
|---|---|---|
| Case Management Conference Statement | 11/14/2019 ||
| Case Management Conference | 11/21/2019 ||
| Serve Initial Disclosures | 12/5/19 ||
| File Proposed Protective Order & ESI Order | 12/5/19 ||
| Disclosure of Asserted Claims and Infringement Contentions & Accompanying Disclosures<br>Patent L.R. 3-1, 3-2 | 12/13/2019 ||
| Disclosure of Asserted Claims and Invalidity Contentions & Accompanying Disclosures<br>Patent L.R. 3-3, 3-4 | 2/6/2020 ||
| Exchange of Proposed Terms for Construction<br><br>Patent L.R. 4-1 | 2/20/2020 ||
| Substantial Completion of Document Production | 2/27/2020 | N/A |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence<br><br>Patent L.R. 4-2 | 3/12/2020 ||
| Damages Contentions<br><br>Patent L.R. 3-8 | 3/27/2020 ||

13
JOINT CASE MANAGEMENT STATEMENT                                    CASE NO.: 3:19-cv-07027-WHA

| EVENT | Plaintiff's Proposal | Defendants' Proposal |
|---|---|---|
| Joint Claim Construction and Prehearing Statement<br><br>Patent L.R. 4-3 | 4/6/2020 ||
| Responsive Damages Contentions<br><br>Patent L.R. 3-9 | 4/27/2020 ||
| Completion of Claim Construction Discovery<br><br>Patent L.R. 4-4 | 5/6/2020 ||
| Opening Claim Construction Brief (Plaintiff)<br><br>Patent L.R. 4-5a | 5/21/2020 ||
| Responsive Claim Construction Brief (Defendants)<br><br>Patent L.R. 4-5b | 6/4/2020 ||
| Reply Claim Construction Brief (Plaintiff)<br><br>Patent L.R. 4-5c | 6/11/2020 ||
| Claim Construction Hearing<br><br>Patent L.R. 4-6 | (subject to the Court's calendar) ||
| Disclosure of Advice of Counsel<br><br>Patent L.R. 3-7 | 30 days after claim construction ruling ||
| Fact Discovery Cutoff | 6/11/2020 | 9/30/2020 |
| Settlement Discussion | On or before 7/15/2020 ||
| Opening/Burden of Proof Expert Reports | 21 days after close of fact discovery ||
| Rebuttal Expert Reports | 28 days after opening reports ||

| EVENT | Plaintiff's Proposal | Defendants' Proposal |
|---|---|---|
| Close of Expert Discovery | 21 days after rebuttal reports ||
| Case Dispositive Motions and *Daubert* Motions – Opening Briefs | 21 days after close of expert discovery ||
| Case Dispositive Motions and *Daubert* Motions – Opposition Briefs | 21 days after opening briefs ||
| Case Dispositive Motions and *Daubert* Motions – Reply Briefs | 14 days after opposition briefs ||
| Hearing on Case Dispositive Motions and *Daubert* Motions | (subject to the Court's calendar) ||
| Joint Proposed Final Pretrial Order | 14 days before Pre-trial Conference ||
| Pre-trial Conference | (subject to the Court's calendar) ||
| Trial | 11/2/2020 (subject to the Court's calendar) | June or July of 2021 (subject to the Court's calendar) |

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

DATED: _____          _____
                                UNITED STATES DISTRICT JUDGE