UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BOT M8 LLC,

        Plaintiff,

  v.

SONY CORPORATION OF AMERICA, et al.,

        Defendants.

No. C 19-07027 WHA

**ORDER GRANTING MOTIONS TO SEAL**

In this patent infringement suit, both parties move to seal documents submitted in a discovery dispute (Dkt. No. 97, 103). Generally, "a court may seal records only when it finds a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture." A classic example of a compelling reason is "business information that might harm a litigant's competitive standing." But, our court of appeals has "carved out an exception, for sealed materials attached to a discovery motion unrelated to the merits of a case. Under this exception, a party need only satisfy the "good cause" standard . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1096–97 (9th Cir. 2016)(quotations and citations omitted).

This is a discovery motion and plaintiff Bot M8 has shown good cause to seal at this stage. Their redactions are tailored to the information describing a patent assignment agreement's references to litigation funding, a privilege log describing the redacted material,

and substantive references to this information in the parties' briefs. But for the discovery dispute, this information would not usually be made public. Bot M8's assertion of competitive harm are reasonable under the relaxed standard here.

The parties are warned, however, that the assertions of competitive harm may be insufficient to satisfy the "compelling reason" standard. The underlying dispute here is whether Bot M8 possesses sufficient rights in the asserted patents to have standing to sue. Should the information sealed here be raised in a future motion to dismiss for lack of jurisdiction, the parties will not be permitted to rely on this order as cause to seal. The public is entitled to know who owns the patents-in-suit which, after all, grant the owner the right to *publicly* exclude others.

Only the documents (or portions thereof) listed below may remain sealed (for now):

| Docket | Description | Portion to Remain Sealed |
|---|---|---|
| 98 | Sony's Brief | Page 1: lines 24, 27; Page 2: lines 22–23, 26–28; Page 3: lines 1–3, 5–6, 10–11. |
| 98-2 | Portion of Patent Purchase Agreement. | Entirety. |
| 98-3 | Privilege Log. | Entirety. |
| 98-5 | Responses to Interrogatory. | Page 2: lines 16–17. |
| 104 | Bot M8's Brief. | Page 1: lines 22–25; Page 2: lines 1–5. |

To the above extent, the motions are **GRANTED**. Otherwise they are **DENIED**.

**IT IS SO ORDERED.**

Dated: February 13, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE