UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOT M8 LLC, <br><br> Plaintiff, <br><br> v. <br><br> SONY CORPORATION OF AMERICA, et al., <br><br> Defendants. | No. C 19-07027 WHA <br><br> **ORDER DENYING MOTION TO AMEND** |

**INTRODUCTION**

A patent owner seeks leave to amend its complaint again following prior amendment upon transfer to this District. The proposed amendments are nine weeks delayed. Patent owner failing to demonstrate diligence, the motion is **DENIED**.

**STATEMENT**

Patent owner, Bot M8 LLC, originally asserted six patents, directed toward casino, arcade, and video games, against defendants Sony Corporation of America, Sony Corporation, and Sony Interactive Entertainment LLC ("Sony"): U.S. Patent Nos. 8,078,540 ("the '540 patent"); 8,095,990 ("the '990 patent"); 7,664,988 ("the '988 patent"); 8,112,670 ("the '670 patent"); 7,338,363 ("the '363 patent"); and 7,497,777 ("the '777 patent"). The prior complaint in this Court asserted the '540, '990, '988, and '670 patents against the Sony PlayStation 4, the '363 patent against both the Sony PlayStation 4 and three video games: MLB The Show 19;

1  Uncharted 4; and Uncharted: the Lost Legacy; and the '777 patent against the PlayStation 4 and
2  three games: the two Uncharted games and God of War (Dkt. No. 91). *Bot M8 LLC v. Sony*
3  *Corp. Am.*, No. C 19-07027 WHA, 2020 WL 418938 (N.D. Cal. Jan. 27, 2020).

At a November 21 case management conference upon transfer from the Southern District of New York, the undersigned directed patent owner to file an amended complaint specifying, element-by-element, how Sony's products allegedly infringed the asserted patents. Moreover, patent owner was, quite clearly, directed to reverse engineer the PlayStation 4 to support its detailed allegations. Patent owner obliged, proclaiming it *had already done so*, and committed to a December 5 amendment deadline (Dkt. No. 67 at 2–3).

Patent owner filed its timely amended complaint (Dkt. No. 68) then Sony moved to dismiss (Dkt. No. 75). Following a January 23 hearing, a January 27 order dismissed claims for infringement of the '540, '990, '988, '670, and (as to God of War only) '777 patents but permitted assertion of the '363 and (against the Uncharted games) '777 patents to proceed.

The dismissal order made clear, "[p]atent owner ha[d] already enjoyed its one free amendment under the rules and was given clear directions to plead well, element-by-element. Patent owner d[id] not deserve yet another chance to re-plead." Nevertheless, the order gave patent owner until February 13 to seek leave to amend (Dkt. No. 91 at 9–10).

Patent owner now seeks leave to amend, relying on an assertion, voiced at a January 29 discovery hearing, that the Digital Millennium Copyright Act (DMCA) and other anti-hacking statutes restrained its earlier reverse engineering efforts (Dkt. No. 122 at 1, 14). Sony opposes. Both parties filed two briefs, Sony's request for a sur-reply being granted. Given the public health concern due to COVID-19, this motion is appropriate for disposition on the papers.

**ANALYSIS**

The proposed amended complaint is untimely for reasons both parties miss. Sony contends the amendment is governed by Patent Local Rule 3-6's good cause standard, because amended pleadings at this stage also mean amended infringement contentions. But under the local rules, patent owner's initial infringement contentions were due December 5, the same date its amended complaint was due. Pat. L.R. 3-1. The Court's November 21 amended pleading

schedule displaced the default rules. Just as patent owner was directed to replead, Sony was given another chance to move for dismissal — a chance which it initially waived by answering the complaint filed in the Southern District of New York. *See* Rule 12(b). This order is about pleadings, not contentions.

But good cause *is* the standard. Patent owner mistakes this amendment as governed by Rule 15, where leave is "freely give[n] . . . when justice so requires," absent undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Patent owner ignores the December 5 amended pleadings deadline. Where the Court has imposed a deadline, Rule 16(b)(4) permits modification "only for good cause." "The central inquiry under Fed. R. Civ. P. 16(b)(4) is whether the requesting party was diligent in seeking the amendment." *DRK Photo v. McGraw-Hill Glob. Ed. Holds.,* 870 F.3d 978, 989 (9th Cir. 2017). Here, it was not.

Patent owner bases its February 13 proposed amendments in new reverse-engineering of the PlayStation 4. It contends that the DMCA and other anti-hacking statutes prevented it from circumventing the PlayStation 4 security protocols and decrypting the code and asserts that not until January 29 did the Court "authorize[] and direct[] Bot M8 for the first time to conduct reverse engineering of Sony's products without restriction from various statutes." Indeed, patent owner explains the amendments are "based on new evidence Bot M8 was able to obtain only after receiving authorization from the Court to reverse-engineer" (Dkt. No. 110 at 2, 4).

These amendments, due December 5, are nine weeks overdue. At the November 21 case management conference, the Court *directed*: "if this is a product you can buy on the market and reverse engineer, *you have got to do that* . . . [s]o I will give you another chance to plead if you want to try again." Patent owner responded that "[w]e would be happy to put in an Amended Complaint with claim charts. *We have torn down the Sony PlayStation*." When asked how long it needed to amend, patent owner said "[t]wo weeks." So, the Court set a December 5 deadline for amendment to include allegations drawn from reverse engineering of the PlayStation 4 (Dkt. Nos. 60; 67 at 2–3) (emphasis added). If patent owner had concerns about reverse engineering, this was the time to raise them. The clock for diligence started there.

3

For nine weeks, patent owner raised no concerns about its ability to reverse engineer the Play Station 4. It timely filed its amended complaint (Dkt. No. 68) with no concern. Sony moved to dismiss (Dkt. No. 75) and the parties appeared at a January 23 hearing (Dkt. No. 89) — not a word about the DMCA or anti-hacking statutes.

Curiously, *only after* the January 27 order dismissed several claims for relief (Dkt. No. 91), at a January 29 discovery hearing, did patent owner surface any concern that the DMCA and other anti-hacking statutes had hampered its reverse engineering of the PlayStation 4. Taken by surprise, the Court responded by saying that a court order to reverse engineer could supersede any such concerns and granted patent owner "permission, for whatever good it is, to have your teardown company analyze the [PlayStation 4]." The Court had no clue whether such concerns were valid or why they hadn't been raised earlier (Dkt. No. 96 at 6–7).

To be clear: the Court did not *order* new reverse engineering of the PlayStation 4. It merely excused, from some unknown violation of law, what patent owner had said it was *already doing* months earlier. Neither party asked for a modification of the deadline to reverse engineer —*nor did the Court* grant one. So, the December 5 deadline stood.

To the extent patent owner believed it had won an extension of the December 5 deadline to reverse engineer the PlayStation 4, such modification was contingent upon the accuracy of *patent owner's statement of the law*. Counsel accepts the duty of candor in appearing, and the Court credits many things counsel says without citation — including patent owner's new handwringing regarding the DMCA. But patent owner may not, and may not reasonably believe it could, treble the scope of this case upon no more than its unsubstantiated, on-the-fly remarks at a hearing. Now, with the benefit of the record and full briefing, it becomes clear that there was *no* basis in law for patent owner's concern or any contingent relief.

Patent owner has *never* cited — and *does not* now cite — *any* authority, caselaw or otherwise, to support its professed fear of the DMCA or other anti-hacking statutes. Its motion to amend and reply brief rely *entirely* upon patent owner's *own* verbal representations to the Court that reverse engineering, code decryption, and circumvention of security measures were mysteriously prohibited (Dkt. Nos. 110 at 2–4; 122 at 1, 14). Nor does patent owner explain

4

why it failed to raise these concerns at the November 21 case management conference, where it proclaimed "[w]e have torn down the Sony PlayStation" (Dkt. No. 67 at 3). And atop that, patent owner does not even try to explain that it only learned of the DMCA or other anti-hacking statutes' restrictions on reverse engineering between the November 21 or January 23 hearings and the January 29 hearing. So, there remains no basis for either patent owner's fears or its failure to timely raise them.

Patent owner controlled the timing of this case, decided when to sue, boasted that it had already reverse engineered the PlayStation 4, and committed to the Court's December 5 amendment deadline. Now, only after Sony landed a punch in the first round does patent owner complain "I wasn't ready." Absent *any* authority for its theory of the DMCA, these amendments could have, and *should have*, been included in the December 5 amended complaint. They are nine weeks overdue and, absent diligence, lack good cause.

Finally, the proposed amended allegations regarding the '777 patent are further untimely. The amendments propose to remedy the same failing addressed in the January 27 dismissal order but appear entirely based on public information from the web and in-game screenshots (Dkt. No. 110-4, ¶ 174(a)–(p)). These allegations did not rely on reverse engineering and should have been included in the operative complaint at the November 21 hearing and certainly should have been included in the December 5 amendment. Both unduly delayed and lacking good cause, these amendments rate as untimely.

## CONCLUSION

Patent owner's motion to amend is **DENIED**. The proposed amendments are untimely. The January 27 order denied Sony's motion to dismiss the claims for infringement of the '363 patent and, as to the Uncharted games, the '777 patent. This case proceeds on these two claims of infringement.

**IT IS SO ORDERED.**

Dated: April 2, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5