1  PAUL ANDRE (State Bar No. 196585)
   pandre@kramerlevin.com
2  LISA KOBIALKA (State Bar No. 191404)
   lkobialka@kramerlevin.com
3  JAMES HANNAH (State Bar No. 237978)
   jhannah@kramerlevin.com
4  KRAMER LEVIN NAFTALIS
   & FRANKEL LLP
5  990 Marsh Road
   Menlo Park, CA  94025-1949
6  Telephone:  (650) 752-1700
   Facsimile:  (650) 752-1800
7
   AARON FRANKEL (*pro hac vice*)
8  afrankel@kramerlevin.com
   KRAMER LEVIN NAFTALIS
9  & FRANKEL LLP
   1177 Avenue of the Americas
10 New York, NY 10036
   Telephone: (212) 715-9100
11
   *Attorneys for Plaintiff*
12 BOT M8, LLC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| BOT M8, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>SONY CORPORATION OF AMERICA, a New York Corporation; SONY CORPORATION, a Japanese Corporation, and SONY INTERACTIVE ENTERTAINMENT LLC, a California Limited Liability Company,<br><br>Defendants. | Case No. 3:19-cv-07027-WHA<br><br>**PLAINTIFF BOT M8, LLC'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF THE COURT'S ORDER ON SHOOTOUT SUMMARY JUDGMENT (DKT. NO. 133)**<br><br>Date:           TBD<br>Time:           TBD<br>Courtroom:   12, 19th Floor<br>Judge:          Hon. William Alsup |
|---|---|

# **EXPEDITED CONSIDERATION REQUESTED**

# NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A MOTION FO RECONSIDERATION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on a date and time to be set by the Court, or as soon thereafter as the matter may be heard by the Honorable William Alsup in Courtroom 12, 19th Floor of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff Bot M8 LLC ("Bot M8") moves the Court for leave to file a motion for reconsideration of its Order denying Bot M8's Motion to Continue the Patent Showdown (Dkt. No. 133, the "Order") or, in the alternative, an order compelling the Sony Defendants to provide witnesses for deposition and permitting reasonable supplementation of Bot M8's shootout summary judgment briefing.

This Motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the Declaration Jeffrey Eng, filed herewith, the pleadings and papers on file herein, and any evidence and argument presented to the Court at the hearing.

## STATEMENT OF RELIEF SOUGHT

Plaintiff Bot M8 LLC respectfully moves the Court for leave to file a motion for reconsideration of its Order denying as moot Bot M8's Motion to Continue the Patent Showdown (Dkt. No. 133, the "Order"). Bot M8 attaches it's [Proposed] Motion for Reconsideration and [Proposed] Order Granting Bot M8's Motion for Reconsideration as Exhibits 4 and 5 to the Declaration of Jeffrey Eng ("Eng Decl.") filed herewith. As set forth below, Bot M8 requests expedited consideration of this motion. Bot M8's proposed motion for leave will be based on new evidence, not available at the time the Court issued the Order. In view of the disruptions to discovery caused by the unprecedented circumstances of the COVID-19 pandemic, Bot M8 moved the Court to extend the due date for summary judgment briefing. Notwithstanding these challenges, the Sony Defendants opposed the requested extension to discovery as unnecessary and assured the Court that it would "work cooperatively with Bot [M8] to make reasonable accommodations and find practical solutions for any difficulties" caused by COVID-19, "including working diligently to provide discovery" requested by Bot M8. Dkt. No. 126 at 1.

In view of Sony's representations, the Court denied Bot M8's motion as moot. Dkt. No. 133. However, since the Order, Sony has reneged on its representations to the Court and to Bot M8, is refusing to provide the depositions before the due date for summary judgment briefing, is offering its source code under a cumbersome and ineffective method of review, and is refusing to agree that Bot M8 may supplement its summary judgment briefing after taking the depositions and concluding the source code review. With all of the resources available to Sony and based on its cavalier assurances to the Court that it would provide the requested discovery, mooting the need for an extension, it is incredible that Sony is now claiming that, even with the weeks of notice it has had, it cannot make witnesses available for remote videoconference depositions that do not involve in person interaction. Moreover, as discussed below, given that Sony has provided the source code for review under very restrictive conditions and refused requests for reasonable accommodations, the source code review is proceeding very slowly, and nearly as efficiently as an in-person review on a source code computer where there can be immediate trouble shooting or technical assistance.

Based on these developments and to ensure that the Court is presented with a full records to decide the shoot-out summary judgment motions, Bot M8 seeks leave to move for reconsideration of the Court's denial of its request for an extension of time to submit summary judgment briefing. In the alternative, Bot M8 seeks an order (1) compelling Sony to promptly make available two witnesses for remote video depositions, and (2) permitting Bot M8 to supplement its summary judgement briefing currently due on April 9 with information resulting from the requested depositions and the ongoing remote source code review, which is taking more time given the circumstances and limitations of reviewing source code remotely.

## II. BOT M8 REQUESTS EXPEDITED CONSIDERATION OF THIS MOTION

Bot M8 respectfully requests that the Court provide expedited consideration of this motion. ***Shootout summary judgment briefs are due in just six days.*** As the Court has advised, the shootout procedure may have significant consequences, including an injunction or award of fees for an exceptional case. Dkt. No. 67 (CMC Hearing Transcript) at 5:19-7:6. Before the Court decides the infringement and validity of the shootout claim, the parties should have a fair opportunity to conclude shootout discovery and to present the Court with a developed record. As set forth below, Bot M8

raised these issues to Sony several weeks ago and then, after exhausting negotiations, presented it to the Court two weeks ago.  The Court considered the issued mooted by Sony's recent representations, which Sony is not honoring and has abandoned.  Sony's attempt to use the COVID-19 pandemic as both a sword and a shield, opposing an extension and now stonewalling discovery, claiming that depositions cannot be done due to COVID-19, is extremely prejudicial to Bot M8 given the impact of the shootout proceedings, and should not be countenanced by the Court.  Accordingly, expedited consideration of this motion is warranted.

## II. STATEMENT OF THE FACTS

In light of the global health pandemic caused by COVID-19, on March 20, 2020 Bot M8 filed a motion seeking a 60-day extension of time of all deadlines to conclude the discovery before the April 9, 2020 due date for "shootout" summary judgment motions.  Dkt. No. 124 (the "Extension Motion").  As set forth in more detail in Bot M8's Extension Motion, the Court designated this case for its "shootout" or "showdown" procedure at the Initial Case Management Conference.  Dkt. No. 124 at 1; Dkt. No. 67 at 6:4-6, 9:2-4.  Under this procedure, the parties each selected a single claim from the asserted patents for the shootout, with a shootout discovery period focusing on (but not limited to) the infringement issues raised by the shootout claim.  Dkt. No. 99.  After this discovery period, the parties will move for summary judgment on the shootout claim, with briefing currently due April 9, 2020.  *Id.*  Bot M8 will move for summary judgment that Sony infringes the shootout claim and Sony will move for summary judgment that it does not infringe the shootout claim and/or that the claim is invalid.  *See* Dkt. No. 111 at 2.

Bot M8 promptly initiated discovery, conducting several days of source code review and taking initial depositions of Sony pursuant to Rule 30(b)(6) on March 3 and March 5, 2020 regarding the infringing Uncharted 4 and MLB The Show 19 videogames.  Dkt. No. 124-1 at ¶ 4.  Bot M8's attorneys travelled to take these depositions in early March, notwithstanding the growing concern over the spread of COVID-19.  *Id.*  As set forth in the Extension Motion, Sony's witnesses were ***unable*** to answer questions on a variety of topics, often citing the need to refer to the source code that Sony had withheld from the source code it made available for Bot M8 to review.  Dkt. No. 124 at 2 (collecting deposition deficiencies).

1  Bot M8 then requested that Sony make available for inspection the withheld source code
2  modules and provide two additional witnesses, Lance Leahy and Travis McIntosh, for depositions to
3  cover the withheld source code and other infringement topics the first witnesses were unfamiliar with.
4  Eng Decl., Ex. 1 at 2-3 (Mar. 17, 2020 request for depositions); Dkt. No. 124-1 at ¶¶ 6-7; *see also* Eng
5  Decl., Ex. 2.  Sony agreed to make the witnesses available for deposition and to make the source code
6  available for inspection.  Dkt. No. 124-1 at ¶ 7.  Sony also agreed that the pandemic may necessitate
7  "accommodations," but did not believe any extension of the shootout schedule was necessary.  *Id.*
8  Based on these representations the Court denied the Extension Motion as moot, after obtaining
9  assurances from Sony that it would make its source code available for remote review.  Dkt. No. 133.

10  In view of Sony's representations, Bot M8 requested the deposition of Mr. Leahy and Mr.
11  McIntosh for April 2 and April 3 by videoconference, which does not require any in-person contact,
12  one week before the due date for the shootout summary judgment brief.  Eng Decl., Ex. 2 at 2.  Citing
13  "the current public health challenges," and notwithstanding its prior representation that it would make
14  "accommodations," Sony stated that it was "unable to accommodate Bot M8's request" for the
15  depositions.  *Id.*  Sony claims in its correspondence that these depositions were requested on short
16  notice, but Bot M8 has asked for them (and moved for a scheduling extension to accommodate the
17  very "public health challenges" Sony is now pointing to) on March 17, 2020.  Eng Decl., Ex. 1 at 2-3.
18  It is inexplicable that Sony, one of the largest companies in the world, lacks the ability to make its
19  witnesses available for video deposition after having weeks of notice about such depositions and after
20  it urged the Court that no extension was necessary.

21  Moreover, as required by the Court, Sony offered to make its source code available for remote
22  inspection.  Sony should have offered its source code in the same format that it is kept in the "ordinary
23  course of business."  Such a format ensures that Bot M8, as the reviewing party, can interact with the
24  source code in the same way that Sony's software engineers can.  Eng Decl., ¶ 5.  However, due to the
25  restrictions put in place by Sony, the remote source code review has been ineffective and slow
26  moving.  *Id*.  Sony is providing access only through a limited "WebEx" remote session that is
27  controlled by Sony's counsel.  *Id*.
28  Sony only allowed access to its source code using a text editor, making it very difficult for Bot

4

M8 to locate the source code of interest and to create PDFs of the source code to be printed. *Id*. Bot M8 provided Sony with WebEx documentation, that permits WebEx to share the entire desktop of the source code computer (and not just the text editor), so that Bot M8's source code review could be effective. Sony, however, refuses to accommodate this request, thereby limiting and thwarting Bot M8's ability to effectively review the source code. *Id.*, ¶ 6; *id.*, Ex. 3 at 3. As a result, any time Bot M8's reviewer makes an accidental click away from the text editor, Bot M8 loses access to the source code and must call on Sony's counsel to restore it. *Id.*, ¶ 5.

Compounding the inefficiency, despite Bot M8's request for basic PDF editing software — which is standard to include on any business or source code review computer for the purpose of culling the number of pages to be printed - Sony did not provide such basic PDF editing software until April 2, 2020. *Id.*, ¶ 8. In the interim, Sony refused to print the source code requested by Bot M8 during its earlier review. Sony claimed, that, in Sony's view, the request sought too many pages, even though it was Sony's configuration of the computer that made reducing the number of pages impossible and has made the task of source code reviewing daunting and incredibly difficult. *Id.*, ¶¶ 8-9; *id.*, Ex. 3 at 1. Again it is inexplicable why Sony refuses to provide the requested WebEx configurations that would make the source code more easily accessible and reviewable.

Additionally, the review has been hampered by a number of technical problems on the part of Sony, due to failures to activate open review features of the WebEx sessions, that is substantially delaying the review. *Id.*, ¶¶ 3-8. As a result, Bot M8 will not begin to receive the requested source code pages until at least April 3, 2020, at the earliest, less than a week before summary judgment briefs are due. *Id.*, ¶ 8.

Despite its refusal to timely make its witnesses available for deposition and the significant delays its cumbersome procedures are causing in the review of source code, Sony is refusing to agree to permit Bot M8 to supplement its summary judgment briefing with belatedly obtained depositions or source code. *Id.*, Ex. 2 at 1.

## III. ARGUMENT

### A. The Court Should Grant Leave to Move for Reconsideration of its Denial of the Extension Motion in View of Sony Reneging on its Representations to the Court

The Court should grant leave to Bot M8 to move for reconsideration of its denial of the Extension Motion in view of Sony's stonewalling since the Order. Just days ago Sony argued to the Court that, notwithstanding the unprecedented public health and logistical challenges imposed by COVID-19, no extension of discovery was necessary. Dkt. No. 126. Sony represented to the Court that it would diligently and reasonably accommodate Bot M8's need to complete discovery. *Id.* at 1. Less than a week later, Sony is reneging on those promises. Sony claims it cannot make Mr. Leahy and Mr. McIntosh available within a reasonable amount of time because of the public health crisis caused by COVID-19 — the very reason Bot M8 sought to extend the schedule and that Sony said it would accommodate. *Id.* Bot M8 has offered to take the depositions by remote video conference, removing any health risks or logistical challenges to proceeding with the depositions. Eng Decl., Ex. 2 at 2. Without any explanation, Sony is maintaining that it still cannot proceed with the depositions. *Id.* Given all of its resources, Sony's professed inability to timely provide a witness is incredible.

But for the logistical challenges caused by the pandemic, Bot M8 would have had ample time to take these depositions, requesting them almost a month before the due date for the briefing. *Id.*, Ex. 1 at 2-3. Given Sony's professed inability to provide the witnesses for depositions, it is remarkable that Sony will not even agree to Bot M8's proposed compromise to permit Bot M8 to supplement its summary judgment briefing after taking these depositions, unreasonably claiming that it would be "premature" to offer this basic accommodation in these difficult times where the "normal" course of the legal business has been disrupted. *Id.*, Ex. 2 at 1. This unreasonable refusal and Sony's abrupt about face regarding the impact of COVID-19 on the parties' ability to proceed with discovery, confirms that Sony is attempting to leverage this public health crisis to stonewall discovery and maximize the prejudice to Bot M8 by forcing it to move for summary judgment under the critical shootout proceedings without having a fair opportunity to conclude discovery. The prejudice to Bot M8 is significant, particularly given how the Court has framed the importance of this briefing.

6

PLAINTIFF BOT M8'S MOTION FOR LEAVE TO FILE                CASE NO.: 3:19-cv-07027-WHA
A MOTION FOR RECONSIDERATION (DKT. NO. 133)

Thus, given these circumstances, leave to move for reconsideration is warranted. Under Local Rule 7-9(b)(1) and (2), Bot M8 must show reasonable diligence in bringing this motion for leave and "[t]he emergence of new material facts or a change of law occurring after the time of such order." Bot M8 readily meets this standard because of Sony's changed position and failure to reasonably provide discovery it assured this Court and Bot M8 it would provide, which constitutes "new material facts." Bot M8 exercised reasonable diligence in bringing this motion for leave, having filed its request just a week after receiving the Court's Order on March 26, 2020 and within one day of Sony's refusal to remedy these issues. *See, e.g., James v. Portfolio Recovery Assocs., LLC.*, No. 14-cv-03889-RMW, Order Granting Motion for Leave to File a Motion for Reconsideration at 2 (N.D. Cal. Mar. 30, 2015) (Whyte, J.) (finding plaintiff acted with reasonable diligence when it filed its motion for leave 21 days after Court order).

Additionally, the proposed motion for leave is likely to succeed. The Court's Order was premised on Sony's promise that it would promptly provide the requested discovery. Sony's abrupt decision to renege on those representations is an emergence of new materials facts that is constitutes grounds for the Court to reconsider Bot M8's Motion.

### B. In the Alternative, the Court Should Order Sony to Promptly Provide Witnesses and Permit Bot M8 to Supplement

To the extent the Court denied Bot M8 leave to move for reconsideration, it should order Sony to promptly make its witnesses available for remote videoconference depositions and confirm that Bot M8 may supplement its summary judgment briefing based on these depositions. The Court should not condone Sony's gamesmanship in opposing an extension in view of COVID-19 on the grounds that it is unnecessary and then days later turn around and cite COVID-19 as the justification for providing important discovery. Rather, the Court should grant Bot M8's proposed alternative relief to ensure that the Court is presented with a complete record to decide this important shootout summary judgment motion and to minimize the already significant prejudice to Bot M8, created by Sony and the current pandemic. There is simply no justification for Sony to decline extending the schedule as Bot M8 originally requested and then withhold critical evidence or even agreement to permit supplementation.

## IV. CONCLUSION

As set forth above, the Court should grant Bot M8 leave to move for reconsideration of the Order or, in the alternative, order Sony to promptly make its witnesses available for remote videoconference depositions and order that Bot M8 may supplement its summary judgment briefing with deposition testimony and source code obtained after April 9, 2020.

Respectfully, submitted,

DATED: April 3, 2020

By: */s/ Paul Andre*
Paul Andre (SBN 196585)
Lisa Kobialka (SBN 191404)
James Hannah (SBN 237978)
KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com

Aaron Frankel (*pro hac vice*)
KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
Telephone:  (212) 715-7793
afrankel@kramerlevin.com

*Counsel for Plaintiff*
BOT M8 LLC