PAUL J. ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No.  191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No.  237978)
jhannah@kramerlevin.com
KRAMER LEVIN NAFTALIS
  & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800

AARON FRANKEL (*pro hac vice*)
afrankel@kramerlevin.com
KRAMER LEVIN NAFTALIS
  & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-7793

*Attorneys for Plaintiff*
BOT M8 LLC

Brandon Brown (SBN 266347)
brandon.brown@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Gregory S. Arovas (*pro hac vice*)
greg.arovas@kirkland.com
KIRKLAND & ELLIS
601 Lexington Avenue
New York, NY  10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

David Rokach (*pro hac vice*)
david.rokach@kirkland.com
KIRKLAND & ELLIS
300 N. LaSalle
Chicago, IL  60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200

*Attorneys for Defendants*
Sony Corporation of America, Sony
Corporation and Sony Interactive
Entertainment LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BOT M8 LLC, a Delaware Limited Liability Company, <br><br> Plaintiff, <br><br> vs. <br><br> SONY CORPORATION OF AMERICA, a New York Corporation; SONY CORPORATION, a Japanese Corporation, and SONY INTERACTIVE ENTERTAINMENT LLC, a California Limited Liability Company, <br><br> Defendants. | Case Number: 3:19-cv-07027-WHA <br><br> **JOINT STIPULATION AND [PROPOSED] ORDER REGARDING CASE MANAGEMENT AND DISMISSAL** |

Plaintiff Bot M8, LLC ("Bot M8") and Defendants Sony Corporation of America, Sony Corporation, and Sony Interactive Entertainment LLC (together, "Sony"), by and through their respective counsel, hereby stipulate as follows:

WHEREAS, Bot M8 agrees to dismiss with prejudice all of its claims against Sony relating to U.S. Patent No. 7,497,777 ("'777 Patent") (and only as to the '777 Patent);

WHEREAS, Sony agrees to dismiss with prejudice any counterclaims against Bot M8 as to the '777 Patent (and only as to the '777 Patent);

WHEREAS, the Court found Claim 1 of U.S. Patent No. 7,338,363 (the "'363 Patent") to be invalid under 35 U.S.C. § 101 (Dkt. 161, the "'363 Order");

WHEREAS, the parties agree that, if the '363 Order is affirmed on appeal or not challenged on appeal, no further claims regarding the '363 Patent (and only as to the '363 Patent) will ever be asserted against Sony, any of its affiliates, or any third party in connection with any past, present, or future PlayStation game, PlayStation product, PlayStation service, or PlayStation platform, with the parties reserving all rights to appeal the '363 Order;

WHEREAS, in view of the above, the parties agree that all pending claims and counterclaims relating to the '363 Patent may be dismissed without prejudice at this time according to Federal Rule of Civil Procedure 41(a)(1)(A)(ii);

WHEREAS, the Court dismissed Bot M8's claims for infringement of U.S. Patent Nos. 7,664,988, 8,078,540, 8,095,990, and 8,112,670;

WHEREAS, Sony reserves a claim for an award of attorneys' fees and costs with respect to U.S. Patent Nos. 7,338,363, 7,664,988, 8,078,540, 8,095,990, and 8,112,670 (the "Other Patents"), which the parties seek to defer until after the conclusion of appeals for this action so that such claims can be addressed based on a complete record after a final resolution of the litigation;

WHEREAS, the parties agree that, as all pending claims and counterclaims have been resolved as set forth above, the case is ripe for appeal of the issues already decided by the Court with respect to the Other Patents.

1

NOW, THEREFORE, Bot M8 and Sony agree that:

(1) All pending claims and counterclaims relating to the '777 Patent may be dismissed with prejudice according to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), with each party to bear its owns costs as to the '777 Patent and agreeing that neither party is a prevailing party as to the '777 Patent (which shall not impact status of prevailing party for the case overall), and the parties reserving all rights and claims as to the Other Patents.

(2) In view of the agreement above, no claims relating to the '777 Patent will ever be asserted against Sony, any of its affiliates, or any third party in connection with any past, present, or future PlayStation game, PlayStation product, PlayStation service, or PlayStation platform.

(3) If the '363 Order is affirmed on appeal or is not challenged on appeal, no claims relating to the '363 Patent will ever be asserted against Sony, any of its affiliates, or any third party in connection with any past, present, or future PlayStation game, PlayStation product, PlayStation service, or PlayStation platform.  Accordingly, all pending claims and counterclaims relating to the '363 Patent may be dismissed without prejudice at this time according to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

(4) The parties agree that any district court litigation relating to alleged infringement of the Other Patents by Sony or its affiliates will be deferred until after conclusion of (i) all of the IPRs filed to date by Sony for the Other Patents (specifically, IPR2020-00726, IPR2020-00922, IPR2020-00963, and IPR2020-01218) and (ii) all other IPRs of the Other Patents Sony files within two weeks of the filing of this Stipulation.  For purposes of this stipulation, conclusion includes a decision denying institution of an IPR, a final written decision, or termination of the IPR for any reason, but does not require the exhaustion or conclusion of appeals, subject to the right of one or both parties to seek a stay of the case pending any such appeal.

(5) To the extent disputed issues remain following the exhaustion of the Federal Circuit appeal of this case, the parties agree not to argue or propose that the district court litigation should proceed piecemeal for a subset of such disputed issues while other disputed issues are stayed.  Rather, the case should be either stayed or not stayed in its entirety.

2

(6) Subject to approval by the Court, the deadline to seek fees and costs pursuant to Federal Rules 54(d)(1) and 54(d)(2) and Civil L.R. 54-1 and 54-5 is extended until 21 days after exhaustion of the Federal Circuit appeal of this case.

(7) Neither party will argue that this stipulation or any stay or deferring of district court proceedings between the parties associated with the stipulation gives rise to or supports an equitable estoppel, waiver, or similar defense or counterclaim.

**IT IS SO STIPULATED**.

Respectfully submitted,

Dated:  July 16, 2020        By: */s/ Paul Andre*
                             Paul Andre (SBN 196585)
                             Lisa Kobialka (SBN 191404)
                             James Hannah (SBN 237978)
                             KRAMER LEVIN NAFTALIS & FRANKEL LLP
                             990 Marsh Road
                             Menlo Park, CA  94025
                             Telephone: (650) 752-1700
                             Facsimile: (650) 752-1800
                             pandre@kramerlevin.com
                             lkobialka@kramerlevin.com
                             jhannah@kramerlevin.com

                             Aaron Frankel (Admitted *Pro Hac Vice*)
                             KRAMER LEVIN NAFTALIS & FRANKEL LLP
                             1177 Avenue of the Americas
                             New York, NY 10036
                             Telephone: (212) 715-9100
                             afrankel@kramerlevin.com

                             *Attorneys for Plaintiff*
                             Bot M8 LLC

Respectfully submitted,

Dated: July 16, 2020         By: */s/ David Rokkach*
                             Brandon Brown (SBN 266347)
                             brandon.brown@kirkland.com
                             KIRKLAND & ELLIS LLP
                             555 California Street
                             San Francisco, California 94104
                             Telephone: (415) 439-1400

3

Facsimile: (415) 439-1500

Gregory S. Arovas (*pro hac vice*)
greg.arovas@kirkland.com
KIRKLAND & ELLIS
601 Lexington Avenue
New York, NY  10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

David Rokach (*pro hac vice*)
david.rokach@kirkland.com
KIRKLAND & ELLIS
300 N. LaSalle
Chicago, IL  60654
Telephone: (312) 862-2000
Facsimile:  (312) 862-2200

*Attorneys for Defendants*
Sony Corporation of America, Sony Corporation and
Sony Interactive Entertainment LLC

JOINT STIPULATION AND [PROPOSED] ORDER          CASE NO.: 3:19-cv-07027-WHA
RE: CASE MANAGEMENT AND DISMISSAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTESTATION**

I, Paul Andre, am the ECF user whose identification and password are being used in this filing.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all other signatories to this document have concurred in the filing of this document.

*/s/ Paul Andre*
Paul Andre

JOINT STIPULATION AND [~~PROPOSED~~] ORDER          CASE NO.: 3:19-cv-07027-WHA
RE: CASE MANAGEMENT AND DISMISSAL

**[PROPOSED] ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

All pending claims and counterclaims relating to U.S. Patent No. 7,497,777 (the '777 Patent") are dismissed with prejudice, with each party to bear its own costs as to the '777 Patent and neither party a prevailing party as to the '777 Patent (which shall not impact status of prevailing party for the case overall).  No claims relating to the '777 Patent will ever be asserted against Sony, any of its affiliates, or any third party in connection with any, past, present, or future PlayStation game, PlayStation product, PlayStation service, or PlayStation platform.

All pending claims and counterclaims relating to U.S. Patent No. 7,338,363 are dismissed without prejudice.  If the '363 Order (Dkt. 161) is affirmed on appeal or not challenged on appeal, no claims relating to the '363 Patent will ever be asserted against Sony, any of its affiliates, or any third party in connection with any past, present, or future PlayStation game, PlayStation product, PlayStation service, or PlayStation platform.

The deadline to seek fees and costs pursuant to Federal Rules 54(d)(1) and 54(d)(2) and Civil L.R. 54-1 and 54-5 is extended until 21 days after exhaustion of the Federal Circuit appeal of this case.

Dated: ____July 17, 2020.____

_____
THE HONORABLE WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

1