Paul J. Andre (State Bar No. 196585)
pandre@kramerlevin.com
Lisa Kobialka (State Bar No. 191404)
lkobialka@kramerlevin.com
James Hannah (State Bar No. 237978)
jhannah@kramerlevin.com
KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
333 Twin Dolphin Dr., Ste. 700
Redwood Shores, CA 94065
Telephone: (650) 752-1700
Facsimile: (650) 752-1800

Aaron Frankel (*pro hac vice*)
afrankel@kramerlevin.com
KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-7793

*Attorneys for Plaintiff*
*BOT M8 LLC*

Brandon Brown (SBN 266347)
brandon.brown@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Gregory S. Arovas (*pro hac vice*)
greg.arovas@kirkland.com
KIRKLAND & ELLIS
601 Lexington Avenue
New York, NY  10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

David Rokach (*pro hac vice*)
david.rokach@kirkland.com
KIRKLAND & ELLIS
300 N. LaSalle
Chicago, IL  60654
Telephone: (312) 862-2000
Facsimile:  (312) 862-2200

*Attorneys for Defendants*
*Sony Corporation of America, Sony*
*Corporation and Sony Interactive*
*Entertainment LLC*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BOT M8 LLC,<br><br>Plaintiff,<br><br>v.<br><br>SONY CORPORATION OF AMERICA, SONY CORPORATION, and SONY INTERACTIVE ENTERTAINMENT LLC,<br><br>Defendants. | Case No. 3:19-cv-07027-WHA<br><br>**JOINT RESPONSE TO ORDER TO SHOW CAUSE (Dkt. No. 190)** |

In response to the Court's November 13, 2023 Order to Show Cause (Dkt. No. 190), Plaintiff Bot M8 LLC ("Bot M8") and Defendants Sony Corporation of America, Sony Corporation, and Sony Interactive Entertainment LLC (together, "Sony") submit this Joint Response.

The parties expect to be able to resolve all disputed issues, claims, counterclaims, and potential fee requests, with one exception.  The parties disagree as to if the Court's January 27, 2020 Order (Dkt. No. 91, the "Order") requires Bot M8 to reimburse Sony's fees incurred in responding to Bot M8's second amended complaint and remains in effect.  The parties briefly state their positions on this issue below and respectfully request the Court's guidance on this issue.

Further, the parties request another two weeks to continue working on a formal agreement (after which the parties expect to request that all claims and counterclaims in the case should be dismissed with prejudice, subject to resolution of the disputed issue set forth below).

**Bot M8's Position**: There are no open issues in this case and it should now be closed.

Sony requests fees under the Court's January 27, 2020 Order, which granted in part Sony's motion to dismiss Bot M8's first amended complaint for failure to state a claim.  Bot M8 appealed that order to the Federal Circuit, arguing that its first amended complaint should not have been dismissed.  On appeal, the Federal Circuit reversed the Order as to two of Bot M8's patents, finding that Bot M8's first amended complaint provided sufficient factual allegations to state a claim as to those patents.  Dkt. No. 175 (Federal Circuit Opinion) at 15 ("we find that the court erred in dismissing the allegations as to the '988 and '670 patents").  Thus, the Federal Circuit reversed a substantial portion of the rationale for the Order, and the justification for any fees awarded in the Order are negated in view of the Federal Circuit's reversal on the merits.

Sony relies on the Federal Circuit's affirmance of the Court's denial of Bot M8's motion for leave to amend as justifying the award of fees.  But there would have been no motion to amend or, at a minimum, the scope of the motion to amended would have been significantly narrowed but for the Order's reversed dismissal of the first amended complaint.  In addition, while the Federal Circuit affirmed denial of leave to amend, it found the issue to be a "close

question":

> That ruling [denying leave to amend] presents us with a close question.  Were we
> reviewing that order under Rule 15's standards, we might well find that the
> district court abused its discretion in denying leave to amend.  And, were we in the
> district court's role and considering the request in the first instance, we likely
> would have allowed the filing of the SAC.

Dkt. No. 175 at 23.  The Federal Circuit's determination that this was a close case further weighs

against the imposition of any fee award in favor of Sony.

**Sony's Position**: In addition to granting dismissal of most of Bot M8's infringement

assertions, the Court's January 27, 2020 Order also set a procedure for further amendment.  The

Order permitted Bot M8 to pursue a further amended Complaint, but required that Bot M8

reimburse Sony's reasonable fees and expenses for opposing any such amendment:

> Patent owner does not deserve yet another chance to re-plead.  Nevertheless,
> should patent owner wish to file yet another amended complaint, it may do so by
> FEBRUARY 13 AT NOON on the condition that it pay all reasonable reasonable
> fees and expenses incurred by defendants in responding to yet another amended
> complaint.

(Dkt. No. 91, Order at 9-10.)  Bot M8 did seek leave to file a further amended Complaint, Sony

opposed, and the Court denied leave to amend (and denied Bot M8's motion for reconsideration

on this issue as well).  (Dkt. Nos. 134; 141.)

Bot M8 appealed the Court's rulings regarding dismissal and denial of leave to amend to

the Federal Circuit, but did not challenge the fee award noted above relating to pursuit of a further

amendment.  The Federal Circuit subsequently affirmed the Court's denial of Bot M8's motion

for leave to amend, which is the issue for which fees were awarded.  (Dkt. No. 175, Federal

Circuit Opinion at 21 ("We therefore affirm the district court's denial of Bot M8's motion to

amend its compalint, and its order denying reconsideration of that decision."))

Sony respectfully submits there is no basis for Bot M8's assertion that the Court's Order

regarding fees somehow no longer remains in effect.  Bot M8 chose to forego appealing the fee

award and it is thus a binding final ruling.  Further, the fee award related to Sony's work on

opposing Bot M8's proposed further amendment—and the Court's denial of leave to amend was

fully affirmed by the Federal Circuit, thus eliminating any argument that the underlying basis for

the award was undercut.  While certain aspects of the dismissal rulings were reversed by the Federal Circuit, the fee award did not relate to Sony's work in seeking that dismissal and this does not undercut the fee award for work opposing the request to amend.  Indeed, Bot M8 could have proceeded directly to appealing the dismissals in the Court's January 27, 2020 Order and no fees would have been incurred.  The fees relate to Bot M8's choice to pursue leave to amend, which Sony opposed, the Court denied, and the Federal Circuit affirmed.

More generally, the fees awarded to Sony are just a very small part of the fees incurred in defending against Bot M8's frivioulus assertions in this case (many of which were dismissed at the pleading stage and the rest of which were disposed of on summary judgment phrase or in the *inter partes* reviews that found three of the asserted patents unpatentable).  In the interst of moving on and avoiding protracted litigation over fees, Sony does not expect to pursue further fees under Section 285 (assuming the parties successfully conclude their overall agreement, referenced earlier).  But Sony does seek to recover the fees that were already awarded by the Court.[1]

Respectfully submitted,

Dated:  November 17, 2023             By:  */s/ Aaron Frankel*
                                          Paul J. Andre (SBN 196585)
                                          Lisa Kobialka (SBN 191404)
                                          James Hannah (SBN 237978)
                                          KRAMER LEVIN NAFTALIS
                                           & FRANKEL LLP
                                          333 Twin Dolphin Dr., Ste. 700
                                          Redwood Shores, CA 94065
                                          Telephone: (650) 752-1700
                                          Facsimile: (650) 752-1800
                                          pandre@kramerlevin.com
                                          lkobialka@kramerlevin.com
                                          jhannah@kramerlevin.com

                                          Aaron Frankel (*pro hac vice*)

---

[1]  The amount of fees has not yet been set, but Sony expects that the parties can reach agreement on this, particularly in view of the modest amount of the fees at issue.

JOINT RESPONSE TO O.S.C.                    CASE NO.: 3:19-cv-07027-WHA

1

KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
2
1177 Avenue of the Americas
3
New York, NY 10036
Telephone:  (212) 715-7793
4
afrankel@kramerlevin.com

5
*Attorneys for Plaintiff*
6
BOT M8 LLC

7
Respectfully submitted,
8
Dated:  November 17, 2023      By:  */s/ David Rokach*
9
Gregory S. Arovas (*pro hac vice*)
KIRKLAND & ELLIS
10
601 Lexington Avenue
New York, NY  10022
11
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
12
greg.arovas@kirkland.com

13
David Rokach (*pro hac vice*)
KIRKLAND & ELLIS
14
300 N. LaSalle
Chicago, IL  60654
15
Telephone: (312) 862-2000
Facsimile:  (312) 862-2200
16
david.rokach@kirkland.com

17
*Attorneys for Defendants*
Sony Corporation of America, Sony
18
Corporation and  Sony Interactive
Entertainment LLC
19

20
## **ATTESTATION**

21
    I, Aaron Frankel, am the ECF user whose identification and password are being used in

22
this filing.  In compliance with Civil Local Rule 5-1(h)(3), I hereby attest that all other

23
signatories to this document have concurred in the filing of this document.

24

25
*/s/ Aaron Frankel*
Aaron Frankel

26

27

28

JOINT RESPONSE TO O.S.C.                                    CASE NO.: 3:19-cv-07027-WHA